**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

JOHN DOE,                                    Civil Case No: 19cv6039

          **Plaintiff,**                      **COMPLAINT**

-against                                      <u>**Jury Trial Demanded**</u>

**STATE UNIVERSITY OF NEW YORK**
**AT STONY BROOK, MATTY A. ORLICH,**
**and KATHRYN N. SANTIAGO,**
            **Defendants.**
-------------------------------------------------------x

       Plaintiff, JOHN DOE ("Plaintiff"), by his attorneys, THE KAPLAN LAW

OFFICE, as and for his Complaint against STATE UNIVERSITY OF NEW YORK AT STONY

BROOK ("Defendant" or "Stony Brook"),  MATTY A. ORLICH, in her individual and official

capacity as Director, Office of University Community Standards ("Ms. Orlich"), and KATHRYN N.

SANTIAGO, in her individual and official capacity as a Title IX Investigator

("Ms. Santiago") (hereinafter collectively referred to as "Defendants"), seeks damages,

against Defendants, and any other and further relief that this Court deems just and proper, and

respectfully alleges as follows:

<u>**SUMMARY OF THE CASE**</u>

1.      This case arises out of a disciplinary action for sexual misconduct conducted by

Defendant.

2.      Plaintiff was found responsible for the alleged misconduct in a determination of the

Appeals Board of Stony Brook University dated January 12, 2017.

3.      However, the New York State Appellate Division, Second Department in a decision dated March 27, 2019, annulled Defendant's determination and Defendant was ordered to expunge Plaintiff's record.

4.      This action is for damages in connection with Defendant's wrongful determination.

## THE PARTIES

5.      Plaintiff is a citizen and resident of the State of New York.

6.      Defendant Stony Brook is a public university located in Stony Brook, New York, Suffolk County.  It is one of 64 institutions that make up the State University of New York system.

7.      During the events described herein, Plaintiff was a student at Stony Brook and resided in New York, New York.

8.      Upon information and belief, Matty A. Orlich is an individual with a residence in New York. At all times relevant hereto, Ms. Orlich was and remains the Director Office of University Community Standards at SUNY Stony Brook and works in Stony Brook, New York.

9.      Upon information and belief, Kathryn N. Santiago is an individual with a residence in New York. At all times relevant hereto, Ms. Santiago was and remains a Title IX Investigator at SUNY Stony Brook and works in Stony Brook, New York.

## JURISDICTION AND VENUE

10.     This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and under 28 U.S.C. § 1367 because the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the U.S. Constitution.

11.     This Court has personal jurisdiction over Defendant Stony Brook on the grounds that it is located and conducts business within the State of New York and has a place of business in Suffolk County.

12.     Venue for this action properly lies in this district pursuant to 28 U S C §1391 because Stony Brook is located in and considered to reside in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

*The Underlying Sexual Encounter*

13.     On or about April 14, 2016, Plaintiff and his male roommate ("Roommate") were walking through Defendant's campus on the way to their dormitory.

14.     Plaintiff is African-American.  Roommate is White/Caucasian.

15.     A female student whom Plaintiff did not know, approached the pair and advised that she liked Plaintiff and would like to accompany him to his dorm room.

16.     Plaintiff agreed and the three of them returned together to Plaintiff and Roommate's shared dorm room.

17.     Once in the dorm room, she proceeded to engage in sexual/pre-sexual conduct with Plaintiff and Roommate.

18.     The female student never objected to any of the sexual contact between herself and Plaintiff.  She consented to and participated willfully in all of the sexual conduct between her and Plaintiff that night.

19.     At no time during this sexual encounter did Plaintiff penetrate her anus with his finger (or in any other manner).

20.     Immediately following her sexual encounter with Plaintiff, she went to the dorm bathroom with Roommate and when she returned to the dorm room, she consensually engaged in oral sex with Roommate.

21.     Witnesses who saw the female student leaving Plaintiff's dorm room reported that she did not appear distraught or upset in any way.

*Sexual Assault Allegations and Governing Policies*

22.     On or about April 18, 2016, Defendant accused Plaintiff of violating seven sections of Defendant's code of conduct in connection with allegedly sexual assaulting the female student on or about April 14, 2016 in Plaintiff's dormitory room.

23.     The seven alleged violations were under the following sections of Defendant's code of conduct:

   a) Section III.A.1.a—*Offense against Person* (threatening, intimidating, bullying or abusive acts);

   b) Section III.A.1.d—*Interference* (prevented person from leaving room);

   c) Section III.A.1.f—*Discrimination*;

   d) Section III.A.9.a—*Disruption of University Activities*;

   e) Section VII.C.5.a—*Sexual Harassment* (kissing);

   f) Section VII.C.5.b—*Sexual Harassment* (vaginal intercourse);

   g) Section VII.C.5.c—*Sexual Harassment* (oral sex).

24.     The female student alleged that the sexual acts engaged in with Plaintiff were non-consensual.

25.     Roommate was also charged with sexual assault by the female student.

26.     In response to the allegations against Plaintiff, Defendant sent Plaintiff an email outlining his rights as a student accused of sexual assault (as set forth in Defendant's code of conduct) and banned Plaintiff from Defendant's campus.

27.     During this time, Plaintiff was still attending classes and preparing for final exams for the semester.

28.     Once Defendant suspended Plaintiff, he was not permitted to be on campus and was unable to continue attending classes and was unable to take his exams.

29.     Accordingly, Plaintiff withdrew from all of his classes for the spring semester of 2016 to avoid getting an F in his classes.

*Plaintiff's Initial Response*

30.     With hopes of efficiently and candidly addressing the serious allegations against him, Plaintiff and his attorney met with university officials, including Ms. Kathryn Santiago and made a voluntary statement.

31.     In that statement, Plaintiff stated all sexual contact sexual contact he had engaged in with the female student was entirely consensual.

32.     Plaintiff further informed Ms. Santiago that after he and the female student engaged in consensual sexual conduct, she also engaged in consensual sexual conduct with Roommate in the dormitory room.

33.     During the relevant time, Ms. Santiago was a Title IX Investigator and Deputy Title IX Coordinator and thereby had a conflict of interest and could not be an independent investigator.

34.     In their report of Plaintiff's voluntary statement, Ms. Santiago erroneously stated that Plaintiff reported that he "poked [her] butt hole with his finger (jokingly) and said 'is this the right hole' and she laughed" while she performed oral sex on him.

35.     The female student did not accuse Plaintiff of having poked [her] butt hole with his finger (jokingly) and said 'is this the right hole' and that she laughed while she performed oral sex on him.

*The Hearing and Decision*

36.     On or about July 6, 2016, Plaintiff received formal charges from Defendant, with a hearing date scheduled for August 19, 2016.

37.     A hearing was held on August 19, 2016 before a panel of administrators who would make a final decision in the matter.  Also in attendance were Plaintiff and his counsel as well as the female student and her advisor.

38.     Neither Plaintiff's attorney nor Roommate's attorney were permitted to participate in the hearing.

39.     Plaintiff was permitted to provide a list of questions for the female student.  The panel asked some of these questions but omitted many.  The panel also looked at only some of the evidence in connection with Plaintiff.

40.     Both Plaintiff and Roommate evoked their rights under the 5th Amendment to the United States Constitution and refused to answer any questions about the incident.

41.     Therefore, the issue of whether Plaintiff poked the female student in her butt was not addressed in the hearing.  The female student did not mention it in any of her statements at the hearing.

42.     On or about September 2, 2016, Defendant's Director of Office of Community Standards informed Plaintiff that he was found responsible for just one violation of the code of conduct.

43.     However, Defendant's written decision found Plaintiff responsible for three alleged violations of the code of conduct, as follows:

      a)   Section VII.C.5.a—*Sexual Harassment*:  Kissing, Vaginal Intercourse, Oral Sex, Anal Sex;

     b)  Section VII.C.5.b—*Non-Consensual Sexual Contact*:  Kissing, Vaginal Intercourse, Oral Sex, Anal Sex;

     c)  Section VII.C.5.c—*Non-Consensual Sexual Intercourse and/or Penetration*:  Vaginal Intercourse, Oral Sex, Anal Sex;

44.    The findings of responsibility for Plaintiff were premised solely upon his alleged statement that he "poked [her] butt with his finger" without affirmative consent.

45.    Defendants made such finding in spite of the fact that at the hearing, the female student never testified that Plaintiff "poked her butt hole" or otherwise inserted his finger (or anything else) into her anus.

46.    Indeed, in her testimony at the hearing and in her statement to investigators, the female student reported that after she had begun to perform oral sex on Plaintiff, Roommate engaged in anal sex with her.

47.    Roommate was found "not responsible" for any sexual assault or for any code of conduct violation.

48.    Prior to the female student's allegations against him, Plaintiff was on track to graduate at the end of the spring semester of 2017.

49.    Defendant suspended Plaintiff through the spring semester of 2017.  As he had been unable to complete his course work and his exams for the Spring semester of 2016 (as noted above), Plaintiff was effectively suspended and banned from campus for three semesters.

50.    Moreover, as a result Defendant's delay in its proceedings and reaching a decision, Plaintiff did not enroll/register to study at another university or other institution of higher learning for the fall 2016 semester while the appeal was in process.

51.     Plaintiff timely appealed Defendant's decision to Stony Brook's internal Appeals Board, which Board denied his appeal on or about January 13, 2017.


*Ramifications of Defendant's Decision*

52.     Defendant's three-semester suspension of Plaintiff for sexual harassment, non-consensual sexual contact and non-consensual sexual intercourse (*e.g.* rape) was reflected on his academic transcript and was part of his permanent school record.

53.     This is extremely damaging to the prospects of any student hoping to continue his/her academic studies at another university with the ultimate goal of entering the professional world in almost any field of study.

54.     As Plaintiff's chosen field of study is Physical Therapy, which involves physical contact with clients, Defendant's determination effectively destroyed any realistic chance of his completing his degree in his chosen field and subsequently securing employment as a Physical Therapist.

55.     Plaintiff had also paid tuition for the spring semester of 2016. By the time he withdrew, this tuition was non-refundable. He lost it all.

56.     Moreover, due to his suspension, Plaintiff lost significant financial aid he had been given for the time he was under suspension.

*Article 78 Action*

57.     On or about May 8, 2017, Plaintiff filed an Article 78 action against Defendant in the Supreme Court of the State of New York, County of New York, alleging that Defendant's decision should be overturned because it was not supported by substantial evidence sufficient to support its conclusion.

58.  On or about March 27, 2019, the New York Supreme Court, Appellate Division, Second Department annulled Defendant's determination and vacated Plaintiff's suspension (the "Article 78 Decision").

59.  In the Article 78 Decision, the Court held that Defendant's determination "was not supported by substantial evidence." Indeed, the Court held that the determination "was based on *no evidence*" and was "comprised of *nothing more than surmise, conjecture or speculation*." Article 78 Decision, *emphasis added*.

60.  As a result of the Article 78 Decision, the record of Plaintiff's alleged sexual assault is not to appear on his transcript.

61.  However, the Supreme Court's decision did not compensate Plaintiff for his direct and indirect financial losses, delays in his education, or for the emotional distress he suffered in connection with Defendant's conduct.

### FIRST CAUSE OF ACTION

### 20 U.S.C. § 1681 *et seq.*
### TITLE IX OF THE EDUCATION AMENDMENTS OF 1972
### (Erroneous Outcome)

62.  Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as if fully set forth herein.

63.  Title IX of the Education Amendments of 1972 provides, in relevant part, that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

64.  Upon information and belief, Defendants receive federal financial assistance for research and development.

65.  Plaintiff's gender is protected by Title IX.

9

66.     Defendants determined that Plaintiff violated its code of conduct based on the accusation that Plaintiff had inserted his finger into the female student's anus without her consent.

67.     As a result of Defendant's prosecution, Plaintiff was suspended for three semesters.

68.     An intentional and motivating factor for Defendant's imposition of this extreme and outrageous penalty was Plaintiff's gender.

69.     Based upon the forgoing, as a direct and proximate result of the Defendant's conduct as alleged above, Plaintiff's academic and career prospects, earning potential, and reputation have been severely harmed and he has suffered loss of educational and professional opportunities, loss of future career prospects, and other direct and consequential damages and has suffered damages including pain, suffering, mental anguish, psychological trauma, emotional distress, loss of capacity for the enjoyment of life.

70.     By reason of the forgoing, Plaintiff is entitled to all legal and equitable remedies available including an award of liquidated and punitive damages, prejudgment interest, attorneys' fees, costs and other compensation in an amount to be determined upon the trial of this action.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 2000d *et seq.*
### TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

71.     The Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as if fully set forth herein.

72.     Plaintiff is an African American and is a member of a protected class.

73.     Both Plaintiff and his white Roommate were accused of sexual malfeasance by the female student, but only the Roommate was accused by the female student of having non-consensual contact with her anus.

74.    However, Defendant found Plaintiff responsible for non-consensual contact with the female student's anus and was sanctioned.

75.    The Roommate was not found responsible for non-consensual contact with the female student's anus and was not sanctioned.

76.    Plaintiff suffered an adverse action in pursuit of his education by Stony Brook in that Defendant found Plaintiff responsible for poking the female student's butt based on insubstantial evidence.

77.    An intentional and motivating factor for Defendant's decision to prosecute the proceeding and sanction Plaintiff was affected by Plaintiff's race and/or ethnicity.

78.    As a result of defendants' prosecution, Plaintiff was suspended thus interfering with his education.

79.    Based upon the forgoing, as a direct and proximate result of the Defendants' conduct as alleged above, Plaintiff's academic and career prospects, earning potential, and reputation have been severely harmed and he has suffered loss of educational and professional opportunities, loss of future career prospects, and other direct and consequential damages and has suffered damages including pain, suffering, mental anguish, psychological trauma, emotional distress, loss of capacity for the enjoyment of life.

80.    By reason of the forgoing, Plaintiff is entitled to all legal and equitable remedies available including an award of liquidated and punitive damages, prejudgment interest, attorneys' fees, costs and other compensation in an amount to be determined upon the trial of this action.

**THIRD CAUSE OF ACTION**
**42 USCS § 1981**
**(Equal Rights under the Law—Racial Discrimination)**

81.     Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

82.     42 USCS § 1981 in relevant part requires that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other".

83.     42 USCS § 1981 protects the African American student's "enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" pursuant to Stony Brook's University Student Conduct Code.

84.     Stony Brook's Code and related policies represent a contractual commitment to Plaintiff.

85.     As an African American, Plaintiff is a member of a protected class.

86.     Plaintiff was qualified to attend Stony Brook, was accepted to Stony Brook and was a student in good standing.

87.     Plaintiff suffered adverse actions in that he was deprived of his contractual rights pursuant to Stony Brook's Code with regard to financial aid and tuition, and time frames in connection with the disciplinary action.

88.     Plaintiff also suffered violations to his academic well-being in that his access to campus was restricted, he was removed from campus, and he was not permitted the right to delay or reschedule exams.

89.     Based upon the forgoing, as a direct and proximate result of the Defendant's conduct as alleged above, Plaintiff's academic and career prospects, earning potential, and reputation have been severely harmed and he has suffered loss of educational and professional opportunities, loss of future career prospects, and other direct and consequential damages and has suffered damages including pain, suffering, mental anguish, psychological trauma, emotional distress, loss of capacity for the enjoyment of life.

90.     By reason of the forgoing, Plaintiff is entitled to all legal and equitable remedies available including an award of liquidated and punitive damages, prejudgment interest, attorneys' fees, costs and other compensation in an amount to be determined upon the trial of this action.

91.     As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements pursuant to 42 USCS §1988.

## FOURTH CAUSE OF ACTION
## VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS
## PURSUANT TO 42 U.S.C. § 1983

92.     Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

93.     This is a cause of action for violations of civil rights under 42 U.S.C. § 1983 against named Defendants Matty A Orlich, and Kathryn N. Santiago.

94.     Plaintiff has a protected property and liberty interest in his reputation under the Due Process Clause of the Fourteenth Amendment.

95.     The Defendants' actions deprived Plaintiff of his property and liberty interest in his

reputation without constitutionally-adequate pre-deprivation or post-deprivation process.

96.     Defendants enacted and enforced Stony Brook's Code as to deprive Plaintiff of his due process rights.  In particular, Plaintiff was deprived of access to campus and classes, financial/aid, reasonable time frames to adjudicate the disciplinary action, and adequate procedural rights to evidence, counsel, and cross examination.

97.     Because of Defendants' actions, Plaintiff has suffered, and continues to suffer, by depriving him of his constitutional rights.

98.     At all relevant times, Defendants acted under color of state law.

99.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to recover the costs of this lawsuit, including his reasonable attorneys ' fees.

### FIFTH CAUSE OF ACTION
### VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS
### PURSUANT TO 42 U.S.C. § 1983

100.    Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

101.    This is a cause of action for violations of civil rights under 42 U.S.C. § 1983 against Defendants, Matty A Orlich, and Kathryn N. Santiago.

102.    Defendants' enactment and enforcement of the Policies and Procedures deprived Plaintiff of his constitutionally-protected property and liberty interest in his reputation. In particular, Plaintiff was deprived of access to campus and classes, financial/aid, reasonable time frames to adjudicate the disciplinary action, and adequate procedural rights to evidence, counsel, and cross examination.

103.    Defendants' actions in enacting and enforcing Stony Brooks Code were the product of arbitrary state action rather than a conscientious, careful, and deliberate exercise of professional judgment.

14

104.     The Defendants' actions were so lacking in any legal justification or factual basis, so falsely created and so deliberately injurious to Plaintiff that they shock the conscience and violated Plaintiff's substantive due process.

105.     At all relevant times, Defendants acted under color of state law.

106.     Defendants have damaged Plaintiff by depriving him of his constitutional rights.

107.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Walter is entitled to recover the costs of this lawsuit, including his reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT

108.     The Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as if fully set forth herein.

109.     At all times relevant hereto, a contractual relationship existed between defendants and Plaintiff pursuant Stony Brook's Code.

110.     Defendants are required to act in accordance with this Code in adjudicating reports of alleged violations of student conduct standards.

111.     For all the reasons set forth above, defendants materially breached its contract with Plaintiff by failing to comply with its obligations, standards, policies, and procedures set forth in the Code in the course of the Disciplinary Action against Plaintiff, and by subjecting him to a blatantly arbitrary and capricious investigation and disciplinary proceeding.

112.     In particular, Plaintiff was deprived of access to campus and classes, financial/aid, reasonable time frames to adjudicate the disciplinary action, and adequate procedural rights to evidence, counsel, and cross examination.

113.     Based upon the forgoing, as a direct and proximate result of the Defendants' conduct as alleged above, Plaintiff's academic and career prospects, earning potential, and reputation have

been severely harmed and he has suffered loss of educational and professional opportunities, loss of future career prospects, and other direct and consequential damages and has suffered damages including pain, suffering, mental anguish, psychological trauma, emotional distress, loss of capacity for the enjoyment of life.

114.    By reason of the forgoing, Plaintiff is entitled to all legal and equitable remedies available including an award of liquidated and punitive damages, prejudgment interest, attorneys' fees, costs and other compensation in an amount to be determined upon the trial of this action.

## SEVENTH CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

115.    The Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as if fully set forth herein.

116.    Based on the foregoing facts, Defendants violated the covenant of good faith and fair dealing implied in its contracts with Plaintiff by subjecting him to an unfair, arbitrary and capricious Disciplinary Action, and denying him the fruits of his contracts with Defendants.

117.    Based upon the forgoing, as a direct and proximate result of the Defendants' conduct as alleged above, Plaintiff's academic and career prospects, earning potential, and reputation have been severely harmed and he has suffered loss of educational and professional opportunities, loss of future career prospects, and other direct and consequential damages and has suffered damages including pain, suffering, mental anguish, psychological trauma, emotional distress, loss of capacity for the enjoyment of life.

118.    By reason of the forgoing, Plaintiff is entitled to all legal and equitable remedies available including an award of liquidated and punitive damages, prejudgment interest,

attorneys' fees, costs and other compensation in an amount to be determined upon the trial of this action.

## EIGTH CAUSE OF ACTION
## ESTOPPEL AND RELIANCE

119.    The Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as if fully set forth herein.

120.    Defendants' various standards, policies and procedures constitute representations and promises that Defendants expected or should have reasonably expected would induce action or forbearance by Plaintiff.

121.    Defendants expected or should have expected Plaintiff to accept Stony Brook's offer of admission, incur tuition and fee expenses, and choose not to attend other colleges based on its express and implied promises, including that Stony Brook would provide Plaintiff with a fair, impartial and thorough process in the event he was accused of a sexual misconduct violation.

122.    Plaintiff relied to his detriment on defendants' express and implied promises and representations.

123.    Based upon the forgoing, as a direct and proximate result of the Defendants' conduct as alleged above, Plaintiff's academic and career prospects, earning potential, and reputation have been severely harmed and he has suffered loss of educational and professional opportunities, loss of future career prospects, and other direct and consequential damages and has suffered damages including pain, suffering, mental anguish, psychological trauma, emotional distress, loss of capacity for the enjoyment of life.

124.    By reason of the forgoing, Plaintiff is entitled to all legal and equitable remedies available including an award of liquidated and punitive damages, prejudgment interest,

attorneys' fees, costs and other compensation in an amount to be determined upon the trial of this action.

## NINTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

125.    The Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as if fully set forth herein.

126.    When Defendants undertake to investigate allegations of sexual and other misconduct against one of its students, it owes that student a duty to protect him from foreseeable harm.

127.    By participating in the Disciplinary Action, Plaintiff reasonably relied upon defendants' duty to protect him from harm.

128.    For all the reasons above, Defendants breached their duties of reasonable care.

129.    As a result, Plaintiff has suffered severe emotional distress.

130.    A reasonable person would have suffered severe emotional distress under the same or similar circumstances.

131.    As a result of the foregoing, Plaintiff is entitled to recover damages in an amount to be determined at trial, plus prejudgment interest and attorneys' fees and costs.

## TENTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION

132.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as if fully set forth herein.

133.    The investigation and all related conduct occurred under Defendants' authority and with Defendants' specific knowledge.  The hearing panel's decision and all related conduct also occurred under Defendants' authority and with Defendants' specific knowledge.  The appeal

decision and all related conduct also occurred under Defendants' authority and with Defendants' specific knowledge.

134.    Defendants failed to adequately supervise the investigator, the hearing panel and the appeal process sufficiently to provide Plaintiff with a fair and impartial adjudication in accord with Defendants' policies and with applicable law.

135.    Defendants failed to adequately supervise the investigator, the hearing panel and the appeal process sufficiently to provide Plaintiff with a non-discriminatory adjudication in accord with Defendants' policies and with applicable law.

136.    Based upon the forgoing, as a direct and proximate result of the Defendants' conduct as alleged above, Plaintiff's academic and career prospects, earning potential, and reputation have been severely harmed and he has suffered loss of educational and professional opportunities, loss of future career prospects, and other direct and consequential damages and has suffered damages including pain, suffering, mental anguish, psychological trauma, emotional distress, loss of capacity for the enjoyment of life.

137.    By reason of the forgoing, Plaintiff is entitled to all legal and equitable remedies available including an award of liquidated and punitive damages, prejudgment interest, attorneys' fees, costs and other compensation in an amount to be determined upon the trial of this action.

## ELEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

138.    The Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as if fully set forth herein.

139.    The actions of Defendants were willful and intentional.

140.    Defendants knew or should have known that its actions would cause Plaintiff severe emotional distress and hopelessness.

141.    Defendants' conduct was extreme and outrageous, beyond the bounds of decency, and utterly intolerable in a civilized community.

142.    Defendants' conduct was the direct and proximate cause of Plaintiff's severe emotional distress in which he has had extreme sense of hopelessness, as if his life had no meaning.

143.    Based upon the forgoing, as a direct and proximate result of the Defendants' conduct as alleged above, Plaintiff's academic and career prospects, earning potential, and reputation have been severely harmed and he has suffered loss of educational and professional opportunities, loss of future career prospects, and other direct and consequential damages and has suffered damages including pain, suffering, mental anguish, psychological trauma, emotional distress, loss of capacity for the enjoyment of life.

144.    By reason of the forgoing, Plaintiff is entitled to all legal and equitable remedies available including an award of liquidated and punitive damages, prejudgment interest, attorneys' fees, costs and other compensation in an amount to be determined upon the trial of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the Court:  a) Order Defendant to verify this reversal and expungement of Plaintiff's education record by providing Plaintiff with certification to third parties that the findings and sanction have been reversed and expunged from Plaintiff's education record;  b) Award Plaintiff compensatory damages in in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological

damages, damages to reputation, past and future economic losses, loss of educational and

professional opportunities, loss of future career prospects, and other direct and consequential

damages;  c) Award Plaintiff prejudgment interest;  d) Award Plaintiff attorneys' fees and costs

pursuant to statutory or common law doctrines providing for such award;  and e) Grant Plaintiff

such other and further relief that the Court deems just and proper.


### PLAINTIFF DEMANDS A TRIAL BY JURY


Dated:  October 22, 2019              THE KAPLAN LAW OFFICE
        New York, New York

*/s/ Susan Kaplan*

_____

SUSAN R. KAPLAN (SRK1735)
30 Wall Street, 8th Floor
New York, NY 10005
Tel. 347-683-2505