**THE KAPLAN LAW OFFICE**
30 WALL STREET, 8TH FLOOR
NEW YORK, NEW YORK 10005

SUSAN KAPLAN, PHD, ESQ.                                    CHARLES CARANICAS, ESQ.
TEL.   347-683-2505                                        TEL.   347-432-1463
skaplan@lawkaplan.com                                      caranicas@lawkaplan.com

December 23, 2019

**VIA EMAIL**

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: John Doe v. SUNY, et al*
*19-cv-06039 RRM-SMG*

Dear Judge Mauskopf:

We represent Plaintiff in the referenced action and write to oppose Defendants' letter motion dated December 20, 2019 seeking the transfer of this matter from the Brooklyn courthouse to the courthouse in Long Island (the "Letter Motion").

## Statement of Facts and Nature of the Case

This case arises out of a disciplinary action for sexual misconduct conducted by Defendants. Plaintiff was found responsible for the alleged misconduct in a determination of the Appeals Board of Stony Brook University dated January 12, 2017. However, the New York State Appellate Division, Second Department annulled Defendant's determination and Defendant was ordered to expunge Plaintiff's record in a decision dated March 27, 2019, ([*John Doe*] v. *State University of New York at Stony Brook,* 170 A.D.3d 1182 (2nd Dep't. 2019).

Plaintiff left SUNY's campus in Stony Brook, where he resided in an on-campus dormitory in 2016 and returned to his permanent and principle residence in New York County. Whereas Defendant properly clarifies in its Letter Motion that Defendant SUNY Stony Brook "is not a legally cognizable entity separate form SUNY", SUNY has a location in Kings County at SUNY Empire State located at 177 Livingston St., Brooklyn, NY 11201.

Plaintiff filed a complaint against Defendants on October 25, 2019 in EDNY at the Brooklyn Courthouse. The complaint alleges, among other things, violations of Title IX and for damages in connection with SUNY's arbitrary and capricious disciplinary process as determined by the Second Department's decision.

Plaintiff's Civil Cover Sheet identified Suffolk County as the locale of events. Regardless, the EDNY's Brooklyn courthouse issued the summons for defendants on November 5, 2019, and assigned the case to Your Honor in the Brooklyn Courthouse.

On November 6, 2019, Plaintiff filed a Motion for a Protective Order to Proceed under a Pseudonym. On November 11, 2019 this Court ordered the referral of that motion to Magistrate Judge Gold who granted that motion on December 17, 2019.

Defendants provided Plaintiff with their waivers of service dated November 25, 2019 and their response to the Complaint is due on or about January 24, 2020 giving Plaintiff 60 days to respond to the Complaint.

**<u>Argument</u>**

**1. This Court Exercised its Inherent Authority to Assign this Case to the Brooklyn Courthouse**

Defendants' request to transfer this action pursuant to Rule 50.1 of the Eastern District Guidelines for the Division of Business Among District Judges (the "Division Guidelines") is based on whether a substantial part of the events or omissions occurred in Suffolk County. Whereas, Plaintiff based its decision to file in this courthouse on Defendant's presence in Brooklyn and Plaintiff's convenience, Plaintiff did answer in the positive on the Civil Cover Sheet that the events occurred in Suffolk County. However, such answers are neither determative nor dispositive with regard to Courthouse assignment pursuant to Rule 50.2 (a-c) of the Division Guidelines, which delegates the assignment of cases to the Clerk of the Court, discretion of the Court and such matters as court dockets and calendars in assigning cases. *See McClain v Berryhill*, 2018 US Dist LEXIS 14009, at *4 [EDNY Jan. 29, 2018, No. 2:16-cv-04043 (ADS)] (Transferring the case to Brooklyn regardless of Civil Cover Sheet citing "*Hossain v. Cty. of Nassau*, No. 11-CV-3630 NGG LB, 2011 U.S. Dist. LEXIS 121863, 2011 WL 5027641, at *2 (E.D.N.Y. Oct. 21, 2011) (transferring case from Brooklyn to Long Island *sua sponte* where the plaintiff incorrectly marked the civil cover sheet); *see also Flaherty v. All Hampton Limousine, Inc.*, No. 01 CIV.9939 SAS, 2002 U.S. Dist. LEXIS 15171, 2002 WL 1891212, at *3 (S.D.N.Y. Aug. 16, 2002) (transferring case *sua sponte* to the Eastern District (citing *Mattel, Inc. v. Adventure Apparel*, No. 00 Civ. 4085, 2001 U.S. Dist. LEXIS 3179, 2001 WL 286728, at *5 (S.D.N.Y. Mar. 22, 2001) (holding that a court can transfer venue *sua sponte*))".

Indeed, in the first instance, the court assignment pursuant to the Division Guidelines are "for the 'internal management' of the court's case load. . . .' Guidelines Preamble." *McClain v Berryhill*, 2018 US Dist LEXIS 14009, at *3 [EDNY Jan. 29, 2018, No. 2:16-cv-04043 (ADS)]; *see also United States v. Garces*, 849 F. Supp. 852, 860-61 (E.D.N.Y. 1994) (stating that the guidelines are "*not* intended to give the parties a right to litigate where a particular case will be tried, but merely provide the guidelines by which the Eastern District administratively handles and assigns its cases" (emphasis in original)). To that end, district courts are empowered with the inherent authority to manage their own dockets. *Dietz v. Bouldin*, U.S. 36 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016). McClain v Berryhill, 2018 US Dist LEXIS 14009, at *3-4 [EDNY Jan. 29, 2018, No. 2:16-cv-04043 (ADS)]; *see also Strike 3 Holdings, LLC v Doe*, 2018 US Dist LEXIS 14836, at *4 [EDNY Jan. 29, 2018, No. 2:18-cv-364 (ADS) (SIL)] (Transferring the case to Brooklyn despite Plaintiff's identification of Nassau or Suffolk County when Defendant resides in Kings County and the Plaintiff residence in Kings County as well is an IP address, citing

2

*"Flaherty v. All Hampton Limousine, Inc.*, No. 01 CIV.9939 SAS, 2002 U.S. Dist. LEXIS 15171, 2002 WL 1891212, at *3 (S.D.N.Y. Aug. 16, 2002) (transferring *case sua sponte* to the Eastern District (citing *Mattel, Inc. v. Adventure Apparel*, No. 00 Civ. 4085, 2001 U.S. Dist. LEXIS 3179, 2001 WL 286728, at *5 (S.D.N.Y. Mar. 22, 2001) (holding that a court can transfer venue *sua sponte)"*.

This Court has demonstrated its authority to manage its docket when it issued the summons and assigned this Court to this matter. This Court further memorialized this Courthouse as the proper locale for this action when Your Honor assigned the Motion for Protective Order to Magistrate Judge Gold. Judge Gold reviewed the motion and accompanying papers and issued his Order granting the Motion. At any time, this Court was able to exercise its inherent authority *sua sponte* to transfer this case to Long Island, but did not. Accordingly, Defendants' Letter Motion must be denied.

### 2. Convenience of Witnesses Relevant to 28 U.S.C § 1404 Favor Plaintiff

Defendants also remark upon Plaintiff's residence in SUNY Stony Brook's dormitory and witness convenience pursuant to 28 U.S.C § 1404 to underscore its request to transfer. Neither issues are determative. Indeed, whereas a student's residence in a dormitory may have relevance to Election Board and voting rights determinations (*see Williams v Salerno, 792 F2d 323, 324 [2d Cir 1986]*, such short-term and transitory residence does not determine permanent or principle residence for purposes of jurisdiction, venue or witness convenience and eventually expires.

In this instance, SUNY argues for the convenience of witnesses without identifying any witnesses or their location. Noting that the named defendants and employees of Defendant, SUNY at Stony Brook are not relevant to witness convenience considerations (*see Pecorino v Vutec Corp*., 934 F Supp 2d 422, 442-443 [EDNY 2012] citing "*Advanced Fiber Techs. Trust v. J & L Fiber Servs., Inc*., No. 07 Civ. 1191, 2008 U.S. Dist. LEXIS 91795, 2008 WL 4890377, at *4 (N.D.N.Y. Nov. 12, 2008)) ("[A]ny employees of a party, despite their geographic location, can reasonably be expected to testify as witnesses at trial and their availability is not a consideration here"); *Fuji Photo Film*, 415 F. Supp. 2d at 375 ("[P]arties can compel the testimony of their own employees without the need for subpoena . . ."), Courts are more concerned about its ability to compel non-party witnesses, which is limited to whether the non-party witness resides over 100 miles from the designated Court.[1] SUNY employees notwithstanding, other witnesses in this action may be such non-parties as Plaintiff's co-students, who on information and belief no longer attend SUNY Stony Brook nor live in its dormitories. *See Pecorino v Vutec Corp*., 934 F Supp 2d 422, 442-443 [EDNY 2012].

Regardless, "[i]n any motion to change venue, the movant bears the burden of establishing the propriety of transfer by clear and convincing evidence." *Id.* Defendant does not identify a single witness, or the distance from which any such witness resides in relation to the Brooklyn

---

[1] It is worth noting that SUNY Stony Brook is 54 miles from the EDNY's Brooklyn courthouse and 30 miles from the Long Island courthouse according to an informal search on Google.

and Long Island courthouses. *Id.* As such, Defendants have not established the alleged inconvenience.

Plaintiff, on the other hand, will be inconvenienced. Plaintiff, who has not been on SUNY Stony Brook's campus since 2016 has more availing reasons for this case to stay in Brooklyn. In addition to convenience of witnesses, the Courts consider nine elements to transfer a case pursuant to 28 U.S.C § 1404 as follows (*Id*):

> In determining the latter part of this inquiry, courts apply nine factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of operative facts and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of witnesses; (6) the weight accorded to the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; and (9) trial efficiency and how best to serve the interests of justice, based on an assessment of the totality of material circumstances.

Pursuant to this criteria, Plaintiff currently lives with his family in New York County where he also attends college, and his limited means and ability to travel favor Plaintiff. Plaintiff, an undergraduate student, whose means are decidedly inferior to any named Defendant (employed professionals, all) is a mere subway ride away from the Brooklyn courthouse or the law offices of Defendants' attorney in the Wall St. area. As such, Plaintiff hereby asserts his interest in staying in the Brooklyn courthouse pursuant to Rule 50.1 (d)(3). Moreover, as this case has already been adjudicated pursuant to Art. 78 and the Second Department's review, the sources of proof—the documents relevant to Defendants' disciplinary action—have already been bound and distributed. In addition, given that Magistrate Judge Gold issued his Opinion from this Courthouse, this Court has already established itself as the forum most familiar with this case and the law to be applied.[2]

### 3. Conclusion

As for Defendants' request for an extra 30 days to respond to the Complaint starting from when their transfer request is resolved, Plaintiff notes that Defendants, by virtue of waiving service, already have 60 days to respond. Moreover, Defendants failed to provide the original response date, a basis for the extension, and good faith reportage of whether Defendants requested Plaintiff's consent (they did not). Regardless, Plaintiff is neutral with regard to Defendant's request for an extension.

Defendants' arguments regarding transfer are unavailing, and Plaintiff hereby requests that Defendant's request to transfer this case from this courthouse be denied in its entirety.

Respectfully Submitted,

*/s/ Susan Kaplan*

---

[2] However, should the Court consider transferring this case to the Long Island courthouse, Plaintiff requests that the Court instead transfer (or allow Plaintiff leave to move to transfer) the case to the SDNY in which venue he resides.