# THE KAPLAN LAW OFFICE
## 30 WALL STREET, 8TH FLOOR
## NEW YORK, NEW YORK 10005

| | |
|---|---|
| SUSAN KAPLAN, PHD, ESQ. | CHARLES CARANICAS, ESQ. |
| TEL. 347-683-2505 | TEL. 347-432-1463 |
| skaplan@lawkaplan.com | caranicas@lawkaplan.com |

**VIA ECF**                                                                                                           March 19, 2020

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York (Brooklyn)

        <u>*Re:    John Doe v. SUNY, et al, 19-cv-06039 RRM-SMG*</u>

Your Honor:

      We represent Plaintiff in the referenced action and write to oppose Defendants' second proposed motion to dismiss. As noted in my letter to the Court dated February 3, 2020, Plaintiff was found responsible for an alleged sexual assault and suspended based solely on a single audacious and egregiously false claim that he "poked [the female accuser's] butt hole with his finger (jokingly) and said 'is this the right hole' and she laughed" (Amended Complaint ¶ 35). However, the accuser never alleged that Plaintiff "poked her butt hole" or otherwise engaged in any anal contact during their otherwise consensual sexual encounter. With no basis in fact, Defendant Santiago attributed this wholly false claim to an alleged admission by Plaintiff and Defendant Orlich, based on Ms. Santiago's findings, found Plaintiff responsible for the falsely alleged poking (*Id*. ¶¶ 44-46). Indeed, in Plaintiff's Article 78 proceeding the Appellate Division, Second Department, held that SUNY's determination "was based on *no evidence*" and was "comprised of *nothing more than surmise, conjecture or speculation*." (*Id*. ¶ 61) *emphasis added*.

      The heart of Plaintiff's Amended Complaint are discrimination claims pursuant to Title VI and § 1981. For each of these claims, Plaintiff relies on the racial comparable that two men were accused of sexual misconduct—one black, Plaintiff, and one white. The accuser specifically accused only the white student of anally penetrating her but made no such allegation about the black student. Yet the white student was found not responsible for any misconduct while the black student was found responsible for the anal conduct based on a wholly concocted, false allegation. *Amended Complaint*, ¶¶ 46-49. Contrary to Defendants' contention in their pre-motion letter dated March 11, 2020, this is a far cry from a "conclusory allegation" and is more than sufficient to state a claim of intentional race discrimination.

      Following Defendants' erroneous finding, Plaintiff was immediately banned from campus, suspended, lost financial aid and was delayed in his progress towards a productive career (*Id*. ¶¶ 51-58)—and in fact had to change his career path (¶ 56). He was further deprived of his contractual right with SUNY to be dealt with fairly.

      Plaintiff's racial and gender-based claims are plausible given that Defendants unilaterally invented an accusation of a particularly foul sexual act that the accuser herself never alleged. "Because discrimination claims implicate an employer's usually unstated intent and state of mind, rarely is there direct, smoking gun, evidence of discrimination. Instead, plaintiffs usually must rely on bits and pieces of information to support an inference of discrimination, i.e., a mosaic of intentional discrimination. At the initial stage of a litigation, *the plaintiff's burden is minimal; he need only plausibly allege facts that provide at least minimal support for the proposition that the employer was motivated by discriminatory intent*." *Vega v Hempstead Union*

*Free Sch. Dist.*, 801 F3d 72, 75 (2d Cir 2015) *emphasis added*. Here, the inference of discriminatory motivation based on both race and gender is strong.

**Title IX (Erroneous Outcome—against SUNY only).**

To survive a motion to dismiss, an erroneous outcome claim "must allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary process." *Doe v. Haas*, 2019 U.S. Dist. LEXIS 211575 at *38 (E.D.N.Y. 2019) (quoting *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994)). "The *pleading burden in this regard is not heavy*. For example, a complaint may allege particular evidentiary weaknesses behind the finding of an offense such as a motive to lie on the part of a complainant or witnesses, particularized strengths of the defense, or other reason to doubt the veracity of the charge. A complaint may also allege particular procedural flaws affecting the proof." *Id*. *emphasis added*. The Amended Complaint clearly states evidentiary weaknesses, an actual lie (not merely a motive to lie) and ample reason to doubt the veracity of the finding against Plaintiff.

The Article 78 decision further supports Plaintiff's claim that SUNY's finding was entirely erroneous. Plaintiff has met the pleading standard for a Title IX claim of gender bias, including that he suffered an adverse event (suspension) based on discriminatory motivations: Both Defendant Santiago and Orlich alleged their own false claim against Plaintiff causing him damage. "When the evidence substantially favors one party's version of a disputed matter, but an evaluator forms a conclusion in favor of the other side (without an apparent reason based in the evidence), it is plausible to infer . . . that the evaluator has been influenced by bias." *Doe v Columbia Univ.*, 831 F3d 46, 57 (2d Cir 2016). In this case, the evidence shows that not only did Defendants substantially favor the female accuser, but went above and beyond the accuser's claims, concocting a patently false allegation, to find the Plaintiff responsible for non-consensual sexual contact and penetration. SUNY's fabricated allegation ostensibly served the female accuser and simultaneously damaged the male accused. These particular circumstances plausibly infer that gender bias was a motivating factor.

**Title VI (against SUNY only); Section 1981:**

To meet the standard to survive a motion to dismiss a Title VI claim, the Court may draw an inference of discriminatory intent "through facts establishing that students outside of plaintiff's protected class 'were given preferential treatment'." *Williams v City Univ. of NY*, 2014 US Dist. LEXIS 118782, *22-25 (EDNY 2014) *citation omitted*. It is alleged here that Plaintiff's white roommate, a student outside of the protected class, was the only person who had anal contact with the accuser. However, the white roommate was found not responsible for any sexual malfeasance and was not subjected to any discipline. The only person found responsible and sanctioned was the black Plaintiff on the basis of concocted evidence "comprised of *nothing more than surmise, conjecture or speculation*" unilaterally devised and alleged by SUNY. This is not a conclusory allegation. It is a factual allegation—indeed, one that has been proven. The racial bias is palpable and more than sufficient to survive a motion to dismiss.

**Section 1983 (Procedural Due Process)[1]:**

As noted in my February 3rd letter, New York has recognized "an implied contract between [a college or university] and its students', requiring the 'academic institution [to] act in

---

[1] Ms. Santiago was a Title IX Investigator and Deputy Title IX Coordinator and thereby had a conflict of interest and could not be an independent investigator (Amended Complaint, ¶¶ 33-34), but she made the critical—and false—finding which Ms. Orlich memorialized (*Id*. ¶ 44). This establishes that SUNY's customs and policies deprived Plaintiff of his rights under federal law. *See Hill v City of NY*, 136 F Supp 3d 304, 338 (EDNY 2015).

good faith in its dealing with its students,' which provides the basis for a property interest that would be entitled to constitutional protection." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991); *Marino v City Univ. of NY*, 18 F Supp 3d 320, 337 (EDNY 2014).

Defendants nevertheless argue that Plaintiff's Article 78 action provided recourse that precludes his action here under section 1983 for violation of his procedural due process rights. The Article 78 action was for the immediate relief of clearing Plaintiff's record from reflecting a nefarious (and false) finding of sexual violations of SUNY's Code of Conduct. Article 78 itself limits the damages that can be awarded in such a proceeding. Because Plaintiff seeks damages here that are not entirely "incidental to the primary relief sought" in the Article 78 action, this claim is not precluded. *See* CPLR § 7806; *Antonsen v. Ward*, 943 F.2d 198, 204 (2d Cir. 1991).

**Section 1983 (Substantive Due Process)**:

As alleged in ¶¶ 107-109 of the Amended Complaint and as supported by the Second Departments Article 78 Decision, Defendants Santiago's and Orlich's actions were the product of a wholly arbitrary process rather than a conscientious, careful, and deliberate exercise of professional judgment. Contrary to Defendants' argument, Defendants' creation of an entirely false allegation—of a vile sexual nature no less—is "so extreme or egregious that it is fairly viewed as so brutal and offensive to human dignity that it shocks the conscience." *Def. March 11th Letter*, quoting *McSweeney v. Bayport Bluepoint Central School Dist.*, 864 F.Supp.2d 240, 252 (EDNY 2010); *see also Natale v. Town of Ridgefield*, 170 F.3d 258, 262 (2d Cir. 1999) (substantive due process claims are actionable where the violation occurred "under circumstances warranting the labels 'arbitrary' and 'outrageous'"). If the creation of a false allegation of a vile sexual offense out of whole cloth in order to suspend an innocent student doesn't shock the conscience, I cannot imagine what would. Defendants clearly violated Plaintiff's substantive due process rights.

**Individual Defendants:**

Curiously, Defendants further argue that claims against Defendants Santiago and Orlich fail because liability under sections 1981 and 1983 can only be imposed upon officials who were personally involved in the violation, and whose conduct was the proximate cause of the violation. As clearly set forth in the Amended Complaint and reiterated in this letter, Defendants Santiago and Orlich created the fictitious allegation that caused the violation of Plaintiff's rights—they were involved.

Defendants further argue that Defendants Santiago and Orlich are protected by qualified immunity, which they claim protects them "so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Def. March 11 Letter*, p. 3. It should seem quite clear and obvious to any reasonable person that the individual Defendants' fabrication of false allegations—"comprised of *nothing more than surmise, conjecture or speculation*"—violated Plaintiff's rights. There is no qualified immunity here.

**Conclusion**

Plaintiff recognizes Defendants' objections to identifying SUNY as a defendant in his Sec. 1981 and 1983 claims pursuant to the Eleventh Amendment. Plaintiff otherwise contends that the claims in the Amended Complaint will survive a motion to dismiss and that Defendants should be dissuaded from bringing their proposed motion to dismiss. In the alternative, Plaintiff seeks 30 days from any decision on Defendants' pre-motion letter to further amend.

Respectfully Submitted,

*/s/   Susan Kaplan*

3